UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY CHRISTOPHER, a single man,<br><br>               Plaintiff,<br><br>   v.<br><br>RENEWABLE ENERGY SYSTEMS AMERICA, INC., a Delaware corporation; and SIEMENS ENERGY, INC., a Delaware corporation,<br><br>               Defendants. | NO: 2:16-CV-30-RMP<br><br>PROTECTIVE ORDER |

The parties in the above captioned case shall be governed in this case by the following provisions:

1. The term "discovery materials" shall mean all items, information, or documents; regardless of the medium or manner generated, stored, or maintained; that are produced under requests for production, responses to interrogatories, and deposition testimony; or any copies, compilations, summaries, or reproductions of such items or documents.

PROTECTIVE ORDER ~ 1

2. Any discovery materials which contain either confidential information, proprietary information, "trade secrets," or information which will subject a party or other person to annoyance or embarrassment if disclosed to the public may be designated by the party supplying the discovery materials as "confidential." The party shall make such designation by stamping the word "confidential" on each document or excerpt thereof, or attaching a "confidential" label to any tangible item or portion thereof that the party seeks to protect.

3. If a dispute arises as to the designation of materials as "confidential," the parties shall meet and confer in good faith to resolve the dispute. If, after the parties have done so, there is still an unresolved dispute over whether certain materials are properly designated as "confidential," then any party may move this Court for an order that will determine whether the disputed discovery materials should be so designated. The materials subject to the dispute shall be treated as confidential until a determination is made by the Court.

4. A party who makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied or produced.

PROTECTIVE ORDER ~ 2

5. A party may designate a portion of a transcript of testimony given in a deposition or pretrial hearing as "confidential" provided that the party identifies such portion on the record prior to the conclusion of the deposition or other proceeding.

6. Any document, testimony, or item designated as "confidential" under this Order shall be held confidential by the parties, their attorneys, and their agents; and shall not be disclosed to any other person, nor made use of for any purpose except as necessary in the prosecution or defense of this lawsuit, or in any related administrative proceeding, mediation, or arbitration involving the same parties to this Order. Confidential information under this Protective Order may be disclosed to other persons for these purposes only after such persons have been shown this Order and have agreed to be bound by its terms. Confidential materials shall be stored and maintained by the receiving party in a secure manner that ensures that access is limited consistent with this Protective Order.

7. Persons assisting counsel in preparation of this litigation, including consulting and trial experts; officers, directors, and employees, including general or in-house counsel; court reporters and their staff; witnesses during their depositions to whom disclosure is reasonably necessary; and such persons as the parties shall mutually consent to in writing or on the record will be allowed access to the confidential information, but only

PROTECTIVE ORDER ~ 3

after they are shown this Order and advised that they are bound by its terms.

8. If the parties discover their inadvertent production of certain documents or materials which should have been marked "confidential" prior to their having made that designation, the relevant party will immediately inform all parties and request the designation of "confidential" on the specified materials.  Any dissemination of the specified material by the receiving party during the interim, at a time when the material was not marked "confidential," shall not be deemed a violation of this Order. The receiving party must have made reasonable efforts to assure that the confidential materials are treated in accordance with the terms of this Protective Order.

9. In addition to other documents, testimony, or items that may be marked "confidential," the parties agree that the following document is properly designated as "confidential":

    a. Contract with Portland General Electric to provide equipment for the use in the construction and erection of the wind turbine generators, including but not limited to the Söll GlideLoc Universal II device which was in use at the time of the injury of Casey Christopher.

10. The terms of this Protective Order shall not terminate at the conclusion of this case.  Upon final conclusion of the case, all documents, testimony, and items designated as "confidential," which would

PROTECTIVE ORDER ~ 4

otherwise not be in the possession of such party, shall be returned to the producing party within sixty (60) days. Alternatively, the producing party may request destruction of the confidential material, with certification from counsel that such records have been destroyed. Final conclusion of this case shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; and (b) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time, pursuant to the applicable law.

11. Information designated as "confidential" may be used in depositions without the necessity of sealing the documents first and may be shown to persons at depositions, provided that there is a need to do so.

12. The parties must move the Court to seal any confidential materials of the opposing party before filing an opposing party's confidential materials with the Court as an exhibit to a pleading or move the Court to determine whether the materials qualify as "confidential."

13. Nothing contained in this Order affects in any way, or to any degree, the admissibility of any discovery materials or any information disclosed under the terms of this Order. The admissibility of such materials and information shall be governed by the Federal Rules of Evidence and the

Federal Rules of Civil Procedure in the same manner as any other potential evidence in the case.

14. Nothing in this Order shall infringe upon the right of any party to object to providing information which is subject to the attorney-client privilege or any other privilege.

15. Any party may petition the Court for relief from the terms of this Protective Order as to a particular document, item, excerpt of testimony, or other information deemed "confidential" material.

16. The provisions of this Protective Order shall, absent written consent of the parties, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for the purpose of ensuring compliance with this Protective Order and granting such other and further relief as may be necessary.

17. This Protective Order may be amended by stipulation of all the parties pending approval by the Court.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 19th day of May 2016.

                                        *s/ Rosanna Malouf Peterson*
                                       ROSANNA MALOUF PETERSON
                                          United States District Judge