UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY CHRISTOPHER, a single man,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>RENEWABLE ENERGY SYSTEMS AMERICA, INC., a Delaware corporation; and SIEMENS ENERGY, INC., a Delaware corporation,<br><br>　　　　　　　Defendants. | NO:  2:16-CV-30-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT are Plaintiff's Motion to Compel, ECF No. 23, and Defendants' Motion for Protective Order, ECF No. 24.  A telephonic conference was held in this matter on May 10, 2016.  The Court has considered the motions, the record, oral arguments, and is fully informed.

Plaintiff alleges deficiencies in Defendant Siemens Energy, Inc.'s responses to discovery requests, which he argues are inadequate and fail to comply with FED. R. CIV. P. 26.  *See* ECF No. 23.  The motion does not specify precisely what

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 1

1   disclosure Plaintiff would like the Court to compel, but Plaintiff points to Siemens'

2   contention that its investigative file contains "proprietary" information, and argues

3   broadly that Defendant fails to adhere to proper discovery procedures. *See id*.

4   Additionally, Plaintiff argues that Siemens refuses to properly respond to discovery

5   requests absent an unnecessary protective order, and that Siemens will not allow

6   Plaintiff's representatives to inspect its premises without signing a waiver form.

7   *See id*.

8         Defendant Siemens has stated a willingness to allow Plaintiff to inspect its

9   premises, provided that Plaintiff will adhere to Defendant's precautions by

10  agreeing to the terms of a routine waiver form. The Court has reviewed the waiver

11  form and finds that it is reasonable that Siemens require the waiver form to be

12  signed prior to allowing an "on-site" inspection by Plaintiff's representatives.

13        At the telephonic hearing, Plaintiff's counsel discussed two other issues that

14  remain outstanding: (1) Siemens Energy, Inc.'s contention that its "investigative

15  file" regarding the underlying incident contains proprietary materials; and (2)

16  Defendants' expressed concern regarding the protection of information within their

17  business contracts. Both Defendants stated that they will fully comply with all

18  pending discovery requests if a protective order is put in place.

19        Plaintiff agreed that one of Defendant Siemens' business contracts should be

20  held confidential and initially proposed a protective order referencing that one

21

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL AND GRANTING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER ~ 2

document. *See* ECF No. 25-3. Defendant Siemens also expressed concern regarding revealing their investigative processes, which they allege are proprietary, but have agreed to provide the complete investigation file "upon issuance of an appropriate protective order." *See e.g.*, ECF No. 23 at 11.

Pursuant to FED. R. CIV. P. 26(c)(1)(G), the Court may limit the way in which disclosure of sensitive discovery may be conducted. The Court, having been fully advised of the parties' concerns in this matter, finds good cause to enter a Protective Order regarding discovery materials in this case in order to allow the discovery phase of this litigation to proceed as quickly and as economically as possible.

There is insufficient evidence before the Court at this juncture to determine whether Defendants' investigative processes would qualify as "confidential," but since the Court is granting the Motion for a Protective Order, Defendants are ordered to provide the relevant investigative materials to Plaintiff subject to the Protective Order. After review of the materials, Plaintiff may challenge whether those materials justify protection as "confidential."

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Joint Motion for Protective Order, **ECF No. 24**, is **GRANTED.** The Protective Order is entered in this docket as ECF No. 32.

With the Protective Order in effect, **IT IS HEREBY FURTHER ORDERED** that:

1. Plaintiff's Motion to Compel, **ECF No. 23**, is **GRANTED in part and DENIED in part, consistent with this Order**. Defendants shall immediately produce all remaining discovery, including their investigative files.

2. The parties shall proceed with discovery pursuant to the terms set forth in the Protective Order, ECF No. 32.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 19th day of May 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 4